UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

       Plaintiff,                                CASE NO. 11-13889
                                                  HON. LAWRENCE P. ZATKOFF

v.

DEBORAH A. SERVITTO, MARILYN
KELLY, MICHAEL F. CAVANAGH, MAURA
D. CORRIGAN, ROBERT P. YOUNG, JR., STEPHEN
J. MARKMAN, DIANE M. HATHAWAY, and ALTON
THOMAS DAVIS,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 28th day of October, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss (Docket #3). *Pro se* Plaintiff filed a timely response to the motion. The time for Defendants to file a reply has expired. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendants' motion is GRANTED, and Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

## II.  BACKGROUND

The present lawsuit stems from events that began in 2006, when Plaintiff, proceeding *in pro per* (as he is now), filed a case in Oakland County against various defendants, including the Michigan Department of Human Services (the "DHS Case").  The DHS Case was assigned to the Honorable Edward Sosnick. After a period of discovery, Defendants filed motions for summary disposition that were granted by Judge Sosnick.  In 2008, Plaintiff filed two lawsuits (the "2008 Lawsuits") based upon the substantive allegations in the DHS Case and the subsequent dismissal of the DHS Case by Judge Sosnick. The 2008 Lawsuits were filed in the Oakland County Circuit Court against Judge Sosnick and various other county and state defendants.  The 2008 Lawsuits contained a number of claims, including without limitation, violations of: (1) 42 U.S.C. § 1983 (based on the 1st, 5th, 7th, and 14th Amendments), (2) 42 U.S.C. § 1985, and (3) the Michigan Elliott-Larsen Civil Rights Act.  The entire Oakland County Circuit Court bench disqualified itself from the proceedings, and the Honorable Diane Druzinski from the Macomb County Circuit Court was assigned to preside over the 2008 Lawsuits. The defendants in the 2008 Lawsuits moved for dismissal of each case on various grounds, including immunity.  In addition, several of those defendants sought sanctions against Plaintiff for the filing of frivolous actions.  Judge Druzinski granted the motions, dismissed the 2008 Lawsuits and awarded sanctions against Plaintiff.

Plaintiff has since filed more than a dozen appeals relating to the 2008 Lawsuits.  Four of the appeals survived: the two appeals from Judge Druzinski's dismissal of the 2008 Lawsuits and the two appeals of Judge Druzinski's orders granting sanctions in those two cases.  In addition, all of the defendants awarded sanctions in the 2008 cases filed applications for leave to appeal because

Judge Druzinski's did not enter a judgment against Plaintiff for the sanctions awarded. The six appeals were consolidated and oral argument was heard by a panel of the Michigan Court of Appeals on September 8, 2011. On September 22, 2011, the Court of Appeals issued a decision affirming Judge Druzinski's dismissal of the 2008 Lawsuits and the sanctions awards.

On September 7, 2011, Plaintiff filed the instant lawsuit against Defendants, each of whom is being sued for events that occurred while he or she served as an appellate court judge in the State of Michigan. Plaintiff alleges that the Defendants violated his constitutional rights to:

(1)  due process;

(2)  freedom of speech;

(3)  equal access to Court; and

(4) equal protection.[1]

The Defendants are: (a) Michigan Court of Appeals Judge Deborah A. Servitto, (b) Michigan Supreme Court Justices Marilyn Kelly, Michael F. Cavanagh, Robert P. Young, Jr., Stephen J. Markman and Diane M. Hathaway, and (c) former Michigan Supreme Court Justices Maura D. Corrigan and Alton Thomas Davis.

Although Plaintiff disputes many statements in Defendants' motion to dismiss, Plaintiff does not refute that all of his claims against Judge Servitto stem from her orders granting the appellees' motion to extend the time to file a brief and granting appellees' request for oral argument with respect to the 2008 Lawsuits formerly pending before the Michigan Court of Appeals. Likewise, Plaintiff does not contest that his claims against Justices Kelly, Cavanagh, Young, Markman and

---

[1]Plaintiff also alleged that Defendants' are liable for: (1) intentional infliction of emotional distress; and (2) negligent infliction of emotional distress. The Court previously dismissed, without prejudice, both of these state law claims.

Hathaway, as well as his claims against former Justices Corrigan and Davis, stem from orders issued by the Michigan Supreme Court that: (1) denied Plaintiff's applications for leave to appeal Judge Servitto's orders granting a motion to extend the time to file a brief and a request for oral argument filed by the appellees to Plaintiff's appeals of the 2008 Lawsuits, and (2) sanctioned Plaintiff $250.00 for filing "inflammatory and unsubstantiated accusations regarding the conduct of the [appellees] and the Court of Appeals." For each alleged violation of constitutional rights, Plaintiff seeks $8,000,000 in damages. Plaintiff also requests that this Court reverse and vacate the orders of the Michigan Court of Appeals and the Michigan Supreme Court discussed above and enter a permanent injunction against all Defendants that would bar all of them from having any contact with Plaintiff.

Defendants now move the Court to dismiss Plaintiff's cause of action based upon judicial immunity, immunity under the Governmental Immunity Act (M.C.L. § 691.1407(5)) and the *Rooker-Feldman* doctrine.

### III.  LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual

4

allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV.  ANALYSIS

The law is well-settled that judges are entitled to absolute judicial immunity from suit on claims for damages arising out of actions in their judicial capacity. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 9-10, (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if he or she acted erroneously, corruptly or in excess of jurisdiction). *See also Collyer v. Darling,* 98 F.3d 211, 221 (6th Cir. 1996).[2]  Likewise, 42 U.S.C. § 1983 provides

---

[2]In addition, as Defendants argue, a judge is absolutely immune from tort liability if he or she was acting within the scope of his or her judicial authority. *See* M.C.L. § 691.1407(5), which states that:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the

that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not be granted</u> unless a declaratory decree was violated or declaratory relief was unavailable." In this case, there are no allegations that a declaratory decree was violated or declaratory relief was unavailable.

As set forth in *Mireles*,

> [W]hether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge his judicial capacity.

*Id*. at 12 (citations and internal quotations omitted). In this action, all of Plaintiff's allegations regarding actions taken by the Defendants were acts conducted in their judicial capacities. As noted above, Plaintiff's claims against:

(1) Judge Servitto stem from her orders granting the appellees' motion to extend the time to file a brief and granting appellees' request for oral argument with respect to the 2008 Lawsuits formerly pending before the Michigan Court of Appeals; and

(2) Justices Kelly, Cavanagh, Young, Markman and Hathaway, as well as his claims against former Justices Corrigan and Davis, stem from orders issued by the Michigan Supreme Court that: (1) denied Plaintiff's applications for leave to appeal Judge Servitto's orders granting appellees' motion to extend the time to file a brief and their request for oral argument, and (2) sanctioned Plaintiff $250.00 for filing "inflammatory and unsubstantiated accusations regarding the conduct of the [appellees] and the Court of Appeals."

Thus, all of the claims against each Defendant stems from ruling made by that Defendant regarding the motion(s) of a party in a lawsuit pending before such Defendant. Each such action is indisputably "a function normally performed by a judge, and to the expectations of the parties[.]" *Id.* Finally, the Court also notes that, for purposes of deciding Defendants' motion to dismiss,

---

scope of his or her judicial, legislative, or executive authority.

it is irrelevant that Plaintiff has alleged that Defendants' rulings and actions and/or that Defendants' motives for issuing those orders were improper.  Any allegations of misconduct clearly taken in the scope of the Defendants' judicial capacity, including "allegations of bad faith[,] malice" or corruption, are insufficient to overcome judicial immunity. *See Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982)).

Therefore, for the foregoing reasons, the Court holds that, as a matter of law, Plaintiff's claims are barred by judicial immunity and Plaintiff's cause of action in this Court must be dismissed with prejudice.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket #3) is GRANTED and Plaintiff's cause of action is DISMISSED WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

                S/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2011

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 28, 2011.

                S/Marie E. Verlinde
                Case Manager
                (810) 984-3290