UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

    Plaintiff,                                             CASE NO. 11-13889
                                                       HON. LAWRENCE P. ZATKOFF
v.

DEBORAH A. SERVITTO, MARILYN
KELLY, MICHAEL F. CAVANAGH, MAURA
D. CORRIGAN, ROBERT P. YOUNG, JR., STEPHEN
J. MARKMAN, DIANE M. HATHAWAY, and ALTON
THOMAS DAVIS,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 15th day of November, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket #16) of the Court's Opinion and Order dated October 28, 2011, wherein the Court granted Defendants' motion to dismiss Plaintiff's cause of action based on judicial immunity. Local Rule 7.1(h)(2) of the Eastern District of Michigan's Local Rules provides that no response to a motion for reconsideration is permitted unless ordered by the Court. In this case, the Court concludes that no response is necessary. The Court further concludes that the facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the Motion for Reconsideration will not be aided by oral argument, and pursuant to E.D. Mich. L.R. 7.1(f)(2), this

Court ORDERS that the Motion for Reconsideration be decided upon the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED.[1]

## II. LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

## III. ANALYSIS

The Court hereby denies Plaintiff's Motion for Reconsideration. In essence, Plaintiff's Motion for Reconsideration: (a) reiterates the same facts and arguments he set forth when opposing Defendant's motion to dismiss, and (b) asks the Court to revisit the same issues expressly ruled upon by the Court in deciding Defendant's motion to dismiss. The only new argument set forth in the

---

[1] The title of Plaintiff's filing also suggests that he is filing a motion to disqualify the undersigned based on the undersigned's prejudice and bias against Plaintiff. This "motion" is discussed below.

Motion for Reconsideration is Plaintiff's newly-presented suggestion that the undersigned is prejudiced and biased against Plaintiff and should be disqualified pursuant to 28 U.S.C. §§ 144 and 455. Plaintiff offers the theory that the undersigned is in a conspiracy with Defendants to deprive Plaintiff of his constitutional rights, *i.e.*, Plaintiff now alleges that the undersigned is participating in the same orchestrated acts against Plaintiff as Plaintiff has alleged Defendants have in the past. The Court finds that Plaintiff's filings and arguments are not sufficient to cause the undersigned to: (1) reinstate Plaintiff's cause of action, or (2) disqualify himself.

First, to force a judge to recuse himself under Section 144, a litigant must submit, along with his motion, an affidavit stating "the facts and the reasons for [his] belief that bias or prejudice exists." 28 U.S.C. § 144. Upon the filing of a "timely and sufficient affidavit," Section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding." *Id.*; *see also Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co.*, 380 F.2d 570, 576 (D.C. Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge."). "Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("disqualification is not automatic upon submission of affidavit and certificate"). Rather, recusal is required *only* upon the filing of a "timely and sufficient affidavit" alleging personal bias or prejudice of the judge. 28 U.S.C. § 144. In this case, Plaintiff has not filed an affidavit that set forth "the facts and the reasons for [his] belief that bias or prejudice [of the undersigned] exists." Instead, Plaintiff's affidavit

simply restates what he believes Defendants did wrong, without setting forth any statement in the affidavit regarding bias or prejudice by the undersigned. As such, the Court finds that the affidavit is not sufficient.

Second, Section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned." Importantly, the law is well-established that adverse *judicial* decisions can form the basis for recusal only in the most extraordinary circumstances. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Grinnell Corp.*, 384 U.S. 563 (1966). In his Motion for Reconsideration, Plaintiff has offered conclusory allegations of improprieties by the undersigned, but Plaintiff has submitted absolutely no evidence of alleged bias by the undersigned against Plaintiff.

Third, as set forth in the October 28, 2011, Opinion and Order, the law is clearly established that Defendants were entitled to judicial immunity for the actions that served as the basis for Plaintiff's Complaint. As such, the Court concludes that a reasonable, objective person would not question: (a) the Court's dismissal of Plaintiff's cause of action, or (b) the undersigned's impartiality in this matter.

Accordingly, for the reasons stated above, the Court does not find that there was a palpable defect upon which the Court or the parties were misled. In addition, the Court finds that Plaintiff has offered no evidence to support his theory that this Court issued a ruling based on any improper or extrinsic purpose - or that the Court's ruling on the Defendant's motion to dismiss was based on anything other than an impartial application of clearly established law. In other words, none of the arguments or evidence proffered by Plaintiff would result in a different disposition of his cause of

action. Therefore, the Court denies Plaintiff's Motion for Reconsideration, including the motion to disqualify the undersigned set forth therein.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket #16), including the motion to disqualify the undersigned set forth therein, is DENIED in its entirety.  Therefore, this matter is now closed in this Court.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 15, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290